IN THE UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Josepha A. Campinha-Bacote d/b/a | ) | |
| Transcultural C.A.R.E. Associates | ) | Case No. 1:11-CV-00657 |
| | ) | |
| Plaintiff, | ) | JUDGE: LESLEY WELLS |
| | ) | |
| vs. | ) | **ANSWER OF** |
| | ) | **DEFENDANTS** |
| Mary Lawless, Case Western Reserve | ) | |
| University and The MetroHealth  System | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | **ENDORSED HEREON** |
| _____ | ) | |

Now come Defendants, The MetroHealth System ("MetroHealth"), Case Western

Reserve University ("CWRU") and Mary Ellen Lawless ("Lawless") (hereinafter "Defendants")

and, for their Answer to the Complaint of Plaintiff, Josepha A. Campinha-Bacote ("Plaintiff"),

state as follows:

1.      Defendants lack information sufficient to form a belief as to the truth and veracity

of the allegations contained in paragraph 1 of the Complaint and therefore deny same.

2.      Defendants lack information sufficient to form a belief as to the truth and veracity

of the allegations contained in paragraph 2 of the Complaint and therefore  deny same.

3.      Defendants admit that Mary Lawless is a resident of the State of Ohio and domiciled in this District.

4.      Defendants admit that MetroHealth is a county hospital organized under Chapter 339 of the Ohio Revised Code but deny all remaining allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit that CWRU is a private university with a principal place of business in Ohio.

## JURISDICTION

6.      Defendants admit that Plaintiff alleges copyright infringement in the Complaint.

7.      Defendants admit that this Court has subject matter jurisdiction over copyright infringement complaints but deny all remaining allegations contained in paragraph 7 of the Complaint.

## VENUE

8.      Defendants admit that venue is proper in this Court.

## BACKGROUND

9.      Defendants lack information sufficient to form a belief as to the truth and veracity of the allegations contained in paragraph 9 of the Complaint and therefore deny same.

Defendants admit that Plaintiff attached Exhibit A to the Complaint but deny that Plaintiff has any valid, enforceable copyright rights in the work depicted in Exhibit A.

10.     Defendants lack information sufficient to form a belief as to the truth and veracity of the allegations contained in paragraph 10 of the Complaint and therefore deny same.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit that Counsel for Plaintiff and Counsel for Defendant discussed resolving this dispute and that Counsel for Plaintiff demanded $500 as full and final settlement of the dispute but deny all remaining allegations contained in paragraph 18.  Defendants further state that Counsel for Defendant, MetroHealth, informed Counsel for Plaintiff by email on Thursday, March 31, 2011, the day before Counsel for Plaintiff filed the Complaint herein, that MetroHealth and Defendant Case Western Reserve University were considering the $500 demand but that the person with authority to approve the demand was unavailable until the following week, a period of time of approximately 4 or 5 days.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

## BACKGROUND

20.     Defendants repeat and reallege the responses to the allegations contained in the foregoing paragraphs as if fully set forth herein.  Defendants admit that the Complaint alleges copyright infringement but deny all remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny all remaining express and implied allegations of the Complaint that are not expressly admitted herein.

27.     Defendants deny that Plaintiff is entitled to any damages, equitable relief, attorney's fees, costs, or any other remedies.

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred as a result of Defendants Sovereign Immunity under 11th Amendment to The United States Constitution.

3.     Plaintiff's claims are barred and/or limited by virtue of an express or implied license grant.

4.     Plaintiff's claims are barred and/or limited by the doctrine of promissory estoppel.

5.      Plaintiff's claims are barred and/or limited by the doctrine of equitable estoppel.

6.      Plaintiff's claims are barred and/or limited by the doctrine of waiver.

7.      Plaintiff's claims are barred and/or limited by failure of consideration.

8.      Plaintiff's claims are barred and/or limited by want of consideration.

9.      Plaintiff's claims are barred and/or limited by the doctrine of unjust enrichment.

10.      Plaintiff's claims are barred and/or limited by its failure to mitigate its damages, if any.

11.      Plaintiff's claims are barred and/or limited by their own wrongful and illegal conduct.

12.      Plaintiff's claims are barred and/or limited by the doctrine of copyright misuse.

13.      Plaintiff's claims are barred and/or limited by the doctrine of unclean hands.

14.      Plaintiff's claims, if any, were caused by the acts, omissions and/or misfeasance of third parties over whom Defendant has no control or authority.

15.      Plaintiff's claims are barred and/or limited by the acts and/or omissions of Plaintiff and her agents and/or employees who had authority, express and/or implied, to act so as to bind or otherwise hold Plaintiff accountable for their acts and/or omissions.

16.      Plaintiff's claims are barred by the doctrine of fair use.

17.      The copyright registration allegedly infringed is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. §102

18.      Defendants reserve the right to assert additional defenses that become known during the course of discovery in this matter.

5

## DEMAND FOR JUDGMENT

WHEREFORE, Defendants, having fully answered, respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and enter judgment against Plaintiff on all claims.  Defendants further pray that this Court award Defendants their costs, attorney fees and expenses incurred in responding to this frivolous and vexatious Complaint known to be frivolous and vexatious at the time it was filed, as well as such further relief as this Court deems just and equitable.  Defendants also pray for judgment declaring Plaintiff's alleged copyright is invalid and unenforceable, that Defendants use of the work constitutes fair use, that Plaintiff has misused her copyright and that it should be invalidated and that Defendants have not directly infringed Plaintiff's alleged copyright.

/s/ Joseph A. Dickinson
Thomas J. Onusko (0013064)
Joseph A. Dickinson (0061489)
2500 Metrohealth Drive
Cleveland, OH 44109
Phone:  (216) 778-5776
Fax:  (216) 778-8777
Web Site  www.metrohealth.org
e-mail: jdickinson@metrohealth.org
*Attorneys for Defendant The MetroHealth System*

/s/ Peter M. Poulos
PETER M. POULOS (0047210)
Sr. Counsel & Chief Litigation Counsel
Case Western Reserve University
10900 Euclid Avenue
Cleveland, OH  44106-7020
216.368.0661
Fax: 216.368.5481
peter.poulos@case.edu

*Attorney for Defendants*
*Case Western Reserve University*
*And Mary Ellen Lawless*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury is hereby requested on all issues so triable.

/s/ Joseph A . Dickinson
Joseph A. Dickinson


/s/ Peter M. Poulos____
Peter M. Poulos

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on June 2, 2011 a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

<u>/s/ Joseph A. Dickinson</u>

<u>/s/ Peter M. Poulos    </u>
Peter M. Poulos